# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Cr. No 18-00213-KD-B-03 |
| | ) |
| NICOLE LASHA LEWIS, | ) |
| Defendant. | ) |

**SENTENCING MEMORANDUM**

The defendant submits this memorandum in aid of Nicole Lewis' June 14, 2019 sentencing. A sentence to the time she has served and 5 years of supervised release is "sufficient, but not greater than necessary" to achieve the purposes of federal sentencing in the unusual circumstances of this case. 18 U.S.C. §3553(a)

**Guideline issues**

*Lewis played a minimal role in the offense*

Lewis played a passive, minimal role in the offense and should receive a U.S.S.G. §3B1.2(a) 4 level role adjustment. Application note 3C to §3B1.2 suggests a number of factors to be considered in determining the appropriate role adjustment. These are:

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

1

    (v)  the degree to which the defendant stood to benefit from the criminal activity.

  All of these factors support a "minimal participant" role adjustment. The discovery and the factual resume show that Ernestine Brazile developed the drug contact with the "buyer" through a co-worker at a Gulf Shores restaurant. Lewis did not work there and was not involved. Brazile who exclusively negotiated the price, quantity, and delivery of the methamphetamine. The PSR notes that "[e]ach buy was set up with phone calls and/or text messages from the CI to Brazile to order the methamphetamine." (doc. 87 p. 4 ¶8) Lewis did not meet the buyer or communicated with him; she did not know the source of the methamphetamine; did not even overhear - let alone participate in -discussions with the buyer about the transactions; and did not receive any of the drug proceeds.

  Brazile and the buyer arranged for the methamphetamine and money to be to the exchanged at a Mobile gas station. "During each buy, Brazile would drive to Mobile in a vehicle registered to Lewis, who would ride in the front passenger seat. Witherspoon would ride in the back seat." (doc. 87 p. 4 ¶7) The drug transactions took place in the undercover agent's vehicle. Video and audio recordings confirm that "Lewis always stayed in the passenger seat of her vehicle during the deals." (*Id.* ¶8)

  Lewis is guilty of the drug conspiracy because "she knew drug deals were taking place, and she allowed her vehicle to be used for all the drug deals." (doc. 87 p. 4 ¶8) Brazile bought the vehicle which she drove to Mobile to make the deliveries. Brazile put title to the

car in Lewis name. Lewis and Brazile resided together and shared use of the vehicle, which was the couple's only operating car at the time of the drug transactions.[1]

Applying the factors suggested in §3B1.2 Application note 3C, Lewis should receive a minimal participant role adjustment because her presence did not further the crime. She did not initiate, organize or plan the criminal activity, and exercised no discretion or decision making authority; she did not know the drug source; did not even drive the shared vehicle to the illicit transactions; and she did not profit from the enterprise.

*Lewis' involvement was motivated by her relationship with Brazile*

About 8 years ago, when Nicole Lewis was a 20 year old, she met Ernestine Brazile, a woman in her 40s. Brazile had served time in prison[2] and had two grown children - older than Lewis. Brazile and Lewis entered into an intimate relationship and began to live together. Brazile was the dominant partner and over time Lewis lost control of her life. Lewis' participation in the crime occurred only because Lewis complied with Brazile's request that she accompany her to Mobile. The relationship between the two continued until their arrest in November 2018 - but is now over. Lewis recognizes that her life "is so much better" since she has been free from Brazile's overweening influence.

U.S.S.G. §2D1.1(b)(17) recognizes that in some instances an intimate relationship can motivated a person to participate in a drug transaction. A two offense level reduction is

---

[1] It is not unusual that Brazile drove the shared car to the drug transactions. Lewis has never driven to Mobile and is too nervous to drive on the interstate.

[2] Brazile apparently served time with Witherspoon, who is close to Brazile's age. Lewis has only a passing acquaintance with Witherspoon.

3

appropriate "if the defendant receives the 4-level ("minimal participant") reduction in §3B1.2(a) and the offense involved all of the following factors: (A) the defendant was motivated by an intimate … relationship … and was otherwise unlikely to commit such an offense; (B) the defendant received no monetary compensation from the illegal purchase, sale, transport, or storage of controlled substances; and (C) the defendant had minimal knowledge of the scope and structure of the enterprise."

Lewis became involved in Brazile's drug trafficking only because of her long standing, ongoing, intimate relationship with Brazile. This involvement was completely out of character. Lewis has no criminal history (doc. 87 p. 6 ¶28) and has been steadily employed in positions of increasing responsibility since before graduating from high school. (*Id.* p. 8 ¶¶ 44-48) The toxic relationship which Lewis had with Brazile is the type which §2D1.1(b)(17) recognizes as mitigation of sentence in drug offenses.

*Suggested guideline calculation*

The four level §3B1.2(a) role adjustment and the two level §2D1.1(b)(17) offense level reduction results in a total offense level of 19, Criminal History I, and a 30-37 months guideline sentencing range.

### §3553(a) considerations

A guideline sentence is not appropriate in these circumstances. Rather a sentence of the time Lewis has served followed by a five year term of supervised release is sufficient, but not greater than necessary to achieve the purposes of federal sentencing in the unusual circumstances of this case.

4

Title 18 U.S.C. §3553(a) instructs the court to consider deterrence, among other factors, in fashioning a sentence. There is little likelihood that Lewis will re-offend. Since her arrest Lewis has forsworn marijuana and has become reunited with her family. She has found work and has been promoted to management. These gains can be consolidated and reinforced with the oversight of the Probation Office, and the help of her family. Nicole Lewis poses no danger to the community.

Looking back, Nicole lost most of the years of her 20s by relinquishing control to Brazile. She is ready to make up for lost time. Despite having only a high school education, Lewis' employment history demonstrates that she has the persistence, character, and ability to be productive in society. She was recently hired into the Whataburger manager-in-training program,[3] and hopes to make a career in management. She asks for a second chance and commits to making the most of it.

CONCLUSION

Based on the foregoing reasons, it is requested that the Court impose a sentence of the time served, and a five-year period of supervised release. This sentence is consistent with the statutory mandate of 18 U.S.C. §3553(a).

/s/ Arthur J. Madden, III
Arthur J. Madden, III
MADDA0656
Attorney for Defendant
465 Dauphin Street
Mobile, Alabama 36602
(251) 432-0380

---

[3] The employment record portion of the PSR should reflect this new position which she took in mid-May, 2019.

CERTIFICATE OF SERVICE

       I hereby certify that on June 11, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

AUSA George May, Esq.
63 South Royal St., Rm. 600
Mobile, Alabama 36602

                                            /s/ Arthur J. Madden, III
                                              Arthur J. Madden, III